UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMIA HUNTER, | ) | CASE NO. 1:07cv483 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| PAT ANDREWS, Warden, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

This action is before the Court on Petitioner's Objections to the Report and Recommendation of the Magistrate Judge, who determined that Petitioner's grounds for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 should be overruled and has recommended that the petition be denied. For the reasons stated below, this Court adopts the Magistrate's Report in part and DENIES the petition for a writ of habeas corpus.

On June 17, 2004, Petitioner was arrested by a Cleveland police officer and later charged with the murder of Andrew Harris. Petitioner pleaded not guilty and her case was tried to a jury, which found her guilty of felony murder under Ohio Rev. Code §2903.02(B) and of felonious assault as the predicate offense.

On January 31, 2005, the common pleas court imposed on Petitioner a prison sentence of fifteen (15) years. Petitioner raised eight assignments of error to the Eighth District Court of Appeals. On January 5, 2006, the Eighth District granted two of Petitioner's six assignments of error, affirming Petitioner's conviction, but remanding the case for resentencing. *State v. Hunter*, No. 86048, 2006 Ohio 20 (Ohio App. 8th Dist. 2006). On February 28, 2006, the trial court resentenced Petitioner to a prison term of fifteen years to life with five years of post-release control. The Ohio Supreme Court denied Petitioner's Motion for Leave to Appeal. *State v. Hunter*, 109 Ohio St.3d 1482, 847 N.E.2d 1227 (2006).

Petitioner filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254 on February 21, 2007. Doc. 1. In it, she states two grounds for relief:

(1) Petitioner's right to due process of law, as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States of America was violated when the trial court denied Petitioner's motion for jury instructions on a lesser included offense.

(2) Petitioner was deprived of her right to effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States of America when counsel failed to raise meritorious constitutional claims in Petitioner's direct appeal of right.

Respondent timely filed a Return of Writ arguing that the habeas petition should be denied. Doc. 6. Petitioner then filed a Traverse in response to Respondent's Return of Writ. Doc. 9.

On March 27, 2008, the Magistrate Judge issued a Report and Recommendation stating that the Petition for Writ of Habeas Corpus should be denied with respect to both grounds. Doc. 10. In addressing Petitioner's grounds for relief, the Magistrate Judge divided the first ground into two parts, and recommended that the first part, namely that the trial court erred in refusing to instruct the jury on the lesser included crime of reckless homicide, be overruled because Petitioner failed to show clear and convincing evidence that the state court erred in its finding that she knowingly injured Harris. Addressing the second part of Petitioner's first ground, the Magistrate Judge found that Petitioner had procedurally defaulted on her claim that the trial court erred in failing to instruct the jury regarding the inferior degree offenses of aggravated assault, voluntary manslaughter or any theory of culpability other than the lesser included offense of reckless homicide.

The Magistrate Judge recommended that Petitioner's second ground for relief should be overruled because of the deference that must be shown to trial and appellate counsels' performance, the presumption that their decisions were strategically sound, and the fact that

appellate counsel's decisions in this case may reasonably be regarded as sound appellate strategy.

Petitioner timely filed her Objection to the Report and Recommendation. Doc. 16. She objected to the findings of the Magistrate Judge and requested that this Court review *de novo* the Magistrate Judge's factual and legal findings on both of Petitioner's grounds for relief, or that it issue a certificate of appealability.

## II. Law & Analysis

Where objections have been properly made to a magistrate judge's report and recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The Court has reviewed *de novo* the Report and Recommendation, the Parties' briefs and supporting material, and the Objections of Petitioner. This Court will address the Petitioner's two grounds for relief in reverse order, beginning with the claim of ineffective assistance of appellate counsel.

### A. Ineffective assistance of appellate counsel

Petitioner's appellate counsel in the state court did not raise the issue of Petitioner's trial counsel's ineffectiveness. Petitioner claims that this omission constituted ineffective assistance of appellate counsel.

The two-pronged test enunciated for ineffective assistance of trial counsel in *Strickland v. Washington*, 466 U.S. 668 (1984), is applicable to claims of ineffective assistance of appellate counsel. *See, e.g., Wilson v. Parker*, 515 F.3d 682 (6th Cir. 2008). First, the

petitioner must show that the performance of counsel "fell below an objective standard of reasonableness," which is defined in terms of prevailing professional norms. *Strickland*, 466 U.S. at 688. In so doing, the petitioner must rebut the presumption that counsel's "challenged action might be considered sound trial strategy." *Id.* at 689 (*internal quotation marks omitted*). Second, the petitioner must demonstrate prejudice by showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694. "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

The analysis begins with Petitioner's allegations that her trial counsel rendered constitutionally ineffective assistance when counsel failed to request jury instructions on the inferior degree offenses of voluntary manslaughter and aggravated assault. "[B]y definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Errors of tactics or omissions do not necessarily mean that counsel has functioned in a constitutionally deficient manner. *Id.* "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689.

Petitioner alleges that trial counsel was ineffective for failing to request jury instructions on the inferior degree offenses of aggravated assault and voluntary manslaughter. Petitioner has the burden of rebutting the presumption that counsel's challenged action was sound trial strategy. *Strickland*, 466 U.S. at 689. However, there are easily identifiable strategic reasons for counsel's not requesting jury instructions for the inferior degree offenses of

4

aggravated assault and voluntary manslaughter. First, both offenses require a finding that the offender acted in a sudden passion or fit of rage. Ohio Rev. Code §§2903.03(A), 2903.12(A). Trial counsel could have reasonably believed that the facts of the case did not support a jury's finding that Petitioner acted in a sudden passion. Moreover, any theory of a sudden passion or fit of rage would necessarily negate a theory of self defense. Second, it is reasonable to believe that a jury would be less likely to exonerate Petitioner on the basis of self defense if it could find instead that she was guilty of a lesser charge. If trial counsel hoped to promote a self defense theory, he might reasonably have avoided an instruction hat would patently negate or contradict that theory.

Even if trial counsel's conduct had fallen below the objective standard of reasonableness, Petitioner would then have to demonstrate that the outcome of the case would have been different if trial counsel had requested the instructions identified by Petitioner. *Strickland*, 466 U.S. at 688. While Petitioner claims that she would not have been convicted of murder if trial counsel had requested the instructions she has identified, she offers no proof that those instructions would have made a difference to the outcome of the proceeding, nor does the Court find any support in the record for such a claim. The evidence presented was sufficient to support the jury's finding Petitioner guilty of murder and felonious assault.

Because trial counsel's performance does not satisfy the *Strickland* standard for ineffective assistance of counsel, it would have been meritless to raise the issue on appeal. Therefore, Petitioner's claim of ineffective assistance of appellate counsel is overruled.

**B.     Trial court's failure to instruct on lesser included offenses**

The right to a fair trial is implicit in the due process clauses of the Fifth and Fourteenth Amendments. *See United States v. Agurs*, 427 U.S. 97, 107 (1976). Under some

circumstances, jury instructions may be so erroneous as to deprive a defendant of the right to a fair trial. In a non-capital case, habeas relief may only be granted for an erroneous failure to provide a jury instruction "where a fundamental miscarriage of justice is found to have resulted from the arbitrary and unsupportable denial of a lesser included offense instruction in clear defiance of state law[.]" *Bagby v. Sowders*, 894 F.2d 792, 795 (6th Cir. 1990).

A federal court may grant habeas relief if the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d)(2).  Factual determinations that survive reasonableness scrutiny under §2254(d)(2) are presumed to be correct unless the petitioner proves otherwise by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

Petitioner argues the state appellate court erred in finding that Petitioner acted knowingly in seeking to defend herself against Harris' attack or in intending to injure him, and in upholding the trial court's refusal to instruct the jury on the lesser included offense of reckless homicide. Petitioner disputes the court's factual finding that Petitioner knowingly injured Harris. *Id.*  The court finds that Petitioner has failed to offer support for the contention that the state court erred in its finding, and that she has therefore failed to satisfy her burden of offering clear and convincing evidence of the state court's error.  Therefore, this Court must presume the state court's factual finding was correct and overrule this portion of Petitioner's grounds for relief.

In her brief to the state appellate court, Petitioner argued only that the trial court erred in not instructing the jury regarding the lesser included offense of reckless homicide. Appellant's Brief, Answer, Exh. 8, pp. 19-22.  Petitioner did not raise her claims regarding the trial court's failure to instruct on the offenses of aggravated assault and voluntary manslaughter

until she filed her brief before the Ohio Supreme Court.  Therefore, she has failed to preserve those claims, which are now procedurally defaulted.

In Petitioner's Objection to the Magistrate's Report and Recommendation, she asserts that although the issues were not preserved, the doctrine of procedural default does not bar the issues from being raised because she can show cause and prejudice for the default. The Magistrate Judge did not address Petitioner's cause and prejudice argument in concluding that Petitioner had defaulted on two parts of ground one.

A procedurally defaulted ineffective assistance of counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the petitioner can satisfy the "cause and prejudice" standard with respect to the ineffective assistance claim itself. *Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000).  If a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of state law, or if that default "will result in a fundamental miscarriage of justice," it may be excused. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner's claim of ineffective assistance of appellate counsel is overruled.  As stated above in this Court's discussion of Petitioner's ineffective assistance of counsel claim, trial counsel's performance does not satisfy the *Strickland* requirements for a finding of ineffective assistance of counsel, and appellate counsel is not ineffective for failing to raise a meritless issue.  Petitioner's constitutional rights were in no way violated by any alleged ineffectiveness of any of her counsel, nor can those allegations support an argument that Petitioner has shown cause for her procedural default in failing to raise her claims regarding the trial court's failure to instruct on lesser included offenses.  The Court further finds that Petitioner's failure to establish

cause precludes this Court's examination of the prejudice prong for overcoming procedural default. Petitioner's claims in her first ground for relief are overruled.

### III. Conclusion

The Court hereby ADOPTS the Report of the Magistrate Judge as modified herein. Accordingly, the Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254, Doc. 1, is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

DATED: August 14, 2008　　　　　　　　　*/s/ John R. Adams*
　　　　　　　　　　　　　　　　　　　　Judge John R. Adams
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT